Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
T: (619) 233-7770
F: (619) 297-1022

Attorneys for Jerid Ferranti

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerid Ferranti<br><br>            Plaintiff,<br>v.<br><br>Patenaude & Felix, A.P.C.<br><br>            Defendant. | Case No: '14CV1790 W    WVG<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1   collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jerid Ferranti, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Patenaude & Felix, A.P.C., ("Defendant" or "Patenaude"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

///

///

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Solana Beach, County of San Diego, State of California.

11. Defendant used false, misleading and deceptive statements in an attempt to collect an alleged debt as well as interest that was not permitted by any law or contract from Plaintiff, in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f (FDCPA) and Cal. Civ. Code § 1788.17 (Rosenthal Act) in San Diego County.

12. The collection efforts against Plaintiff in San Diego County, California are a substantial part of the events or omissions giving rise to the claim raised by Plaintiff who resides in the city of Solana Beach, County of San Diego, State of California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

13. Defendant Patenaude is a law firm whose principal place of business is in San Diego, California.

14. Defendant Patenaude regularly operates within the county of San Diego and was retained to collect on the alleged debt against Plaintiff. The collection efforts are the actions that gives rise to Plaintiff's claim.

15. Because Defendant does business within the county of San Diego in the State of California and the action giving rise to the claim took place in the County of San Diego, California, personal jurisdiction is established and Venue is proper pursuant to 28 U.S.C. § 1391b(1)&(2).

16. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

17. Plaintiff is a natural person who resides in the City of Solana Beach, State of California.

18. Defendant is located in the City of San Diego, in the State of California.

19. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

22. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

24. Sometime before April of 2014, Plaintiff is alleged to have incurred certain financial obligations for a private student loan.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before April of 2014, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

28. Subsequently, but before April of 2014, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

29. On or about April of 2014, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

30. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

31. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

32. During this communication, Plaintiff and Defendant agreed to resolve the alleged debt by way of a payment plan.

33. Defendant agreed to accept a payment plan of $200.00 per month, with no further interest accruing on the alleged debt for a total amount of $22,855.29.

34. Subsequently, on or about May 2, 2014, Defendant mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

35. This May 2, 2014 letter outlined the terms of the agreement as Plaintiff had understood it to be, and stated the "Account Balance Due" to be $ 22,855.29, with no interest.

36. Plaintiff made his first $200.00 payment as agreed on May 15, 2014.

37. Thereafter, on or about May 16, 2014, Defendant mailed another letter to Plaintiff. A few days later, Plaintiff received that letter.

38. This letter stated that Plaintiff's "Account Balance Due" was $22,740.41 and the "Plan Balance" was $22,655.29.

39. This was the first time that Plaintiff had heard of a "Plan Balance."

40. This combination "Account Balance Due" and "Plan Balance" was designed to deceive consumers.

41. This letter was a false, deceptive, and misleading representation or means in connection with the collection of a debt because it stated two different amounts one of which was inaccurate and attempted to characterize the amount owed as being more than it actually was agreed.

42. Plaintiff and Defendant had previously agreed that no further interest would be charged, but now Defendant was adding interest.

43. The purpose of these false, deceptive, and misleading representations was to mislead consumers like Plaintiff, and did in fact did mislead Plaintiff as to the amount actually owed.

44. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

45. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

46. Through this conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 29, 2104            By: /s/Jessica R. K. Dorman
                                   Jessica R. K. Dorman
                                   Attorneys for Plaintiff